**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

**FRANCISCO FORREST MARTIN**

***Plaintiff,***

**v.**

**THE BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, *et al.*,**

***Defendants.***

**CIVIL ACTION NO.**
**3:26-cv-00039-TES**

**ORDER TO REFILE FIRST AMENDED COMPLAINT**

More than 50% of the docket for the Middle District of Georgia consists of litigation initiated by citizens who lack law degrees attempting to represent themselves, the vast majority of them—prisoners. One common mistake those pro se parties make is they often submit unsigned pleadings. When a pro se party fails to sign his pleading, courts must afford the offending litigant the opportunity to refile a signed version. After all, it's one of the most basic, fundamental rules of civil litigation that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

In this case, however, the plaintiff is not an inmate. He's a lawyer suing because he didn't get a faculty appointment at the University of Georgia's School of Law.

Plaintiff Francisco Forrest Martin's first amended complaint is a sprawling document. It spans just over 100 pages, contains 262 paragraphs, and more than 80 supporting exhibits that tack on another roughly 280 or so additional pages, but it doesn't have his signature on it. *See, e.g.*, [Doc. 8, p. 102]. So, as it does with all pro se litigants who submit unsigned documents, the Court affords Plaintiff the opportunity to refile a *signed* version of his first amended complaint no later than 10 days from the date of this order. Candidly, it's through a litigant's signature that he "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; that "the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)–(3).

Under Federal Rule of Civil Procedure 11, courts "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Plaintiff filed his first amended complaint on August 19, 2026, and as of the date of this order, he has not corrected the omission of his signature. So, unless Plaintiff corrects this deficiency, the Court provides him notice that

it will follow Rule 11 and strike his pleading. He has 10 days to fix it.

Further, if Plaintiff chooses to refile his first amended complaint, he must follow the CM/ECF Administrative Procedures pertaining to exhibits. Specifically, Plaintiff will not be allowed to refile his first amended complaint with his supporting exhibits in one, all-inclusive document.[1] The Court's CM/ECF Administrative Procedures state, "Each exhibit must be filed and identified as a separate attachment and must be labeled in the appropriate boxes within the ECF document upload screen with the available category type and a brief description." *See* CM/ECF Administrative Procedures, p. 13 (revised Sept. 28, 2022) (emphasis omitted). Further, "[a] generic identifier such as Exhibit A or Exhibit 1 is not acceptable. The description must be of sufficient detail to make the attachment readily identifiable . . . ." *Id.* at p. 14 (emphasis omitted). For Plaintiff's convenience and ease of reference, the Court provides the link to its CM/ECF Administrative Procedures below.[2] Again, Plaintiff has 10 days from the date of this order to refile a signed version of his first amended complaint.

**SO ORDERED**, this 28th day of August, 2026.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court overlooked Plaintiff's previous failure to adhere to the administrative procedures for CM/ECF filing, but it will not do so a second time. *See generally* [Doc. 8].

[2] https://www.gamd.uscourts.gov/sites/gamd/files/AdministrativeProceduresElectronicFiling.pdf